UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-80578-Civ-HURLEY/HOPKINS
03-CR-80114-DTKH

RASHID HARRIS,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION CONCERNING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (DE 1)

**THIS CAUSE** has come before this Court upon an order referring the instant petition to the undersigned United States Magistrate Judge for Report and Recommendation. (DE 59). On April 14, 2009, Petitioner filed a petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, claiming that his sentence was illegally enhanced under the Armed Career Criminal Act ("ACCA"). (DE 1). The Government filed its answer to the petition on June 12, 2009. (DE 3). Petitioner filed his reply on June 29, 2009. (DE 7).

For the reasons explained below, this Court **RECOMMENDS** that the Petition be **DENIED.** (DE 1).

1

**BACKGROUND**

On February 26, 2004, Petitioner entered into a plea agreement with the Government whereby he pled guilty to Count 1 of the indictment, charging him with being a convicted felon in possession of a firearm. (DE 39). Thereafter a presentence investigation revealed that Petitioner qualified as an armed career criminal based on three prior felony convictions for battery on a law enforcement officer, child abuse, and the sale of 2.5 grams of crack cocaine. (DE 52 at page 10). Petitioner was sentenced to the fifteen year mandatory minimum on May 28, 2004. Final judgment was entered by the District Court on June 2, 2004. (DE 41).

Petitioner filed a notice of appeal on June 9, 2004. (DE 43). On September 29, 2005, the Eleventh Circuit affirmed Petitioner's conviction. (DE 55). The United States Supreme Court denied certiorari on March 16, 2006. (DE 56). Petitioner contends that the instant Petition, filed on April 14, 2009, is timely and that his conviction and sentence should be vacated in light of the Supreme Court's recent decision in *Begay v. United States*, 553 U.S. 137 (2008), which "profoundly altered and substantially narrowed the scope of the 'violent felony' definition under the ACCA." (DE 1 at page 4). According to Petitioner, his enhanced sentence cannot stand because it was based in part on prior convictions that no longer qualify as predicate offenses. Specifically, Petitioner asserts that under *Begay*, his convictions for battery on a law enforcement officer and child abuse can no longer be classified as "violent felonies" pursuant to 18 U.S.C. 924(e)(1).

**DISCUSSION**

**I.  Timeliness**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a mandatory, one-year period of limitation for § 2255 motions, which runs from the latest of the following events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Jones v. United States*, 304 F.3d 1035, 1037-38 (11th Cir. 2002)(*citing* 28 U.S.C. § 2255(f)).

Here, Petitioner relies on *Begay* as establishing a "newly recognized" right that is retroactively applicable.  Because *Begay* was decided on April 16, 2008 and Petitioner filed his §2255 petition within one year of that decision, he contends that it is timely.  (DE 1 at pages 10-12).

Notably, the Government does not dispute the Petition's timeliness.  The Government "submits that the *Begay* rule is a substantive sentencing rule that is retroactively applicable on collateral review in ACCA cases."  (DE 3 at pages 7-8).  *See also Kendrick v. United States*, 2009 WL 2958976 (M.D. Fla. Sept. 15, 2009)("*Begay* announced a new substantive rule of law

subject to retroactive application to cases on collateral review"); *Frederick v. United States*, 2009 WL 2488965, *8-9 (S.D. Fla. Aug. 12, 2009)(where petitioner was sentenced under the ACCA based on numerous prior felonies, which no longer qualify as predicate offenses, "the new substantive rule announced in *Begay* applies retroactively and warrants that [petitioner's] sentences be vacated."). The Court agrees that *Begay* recognizes a new substantive right and therefore, a petition is timely if it is filed within one year from the Court's decision, as is the case here. *See United States v. Cobb,* 2008 WL 3166118, *1 (D.S.C. Aug. 4, 2008)(finding that defendant had one year from the Court's decision in *Begay* within which to file a timely §2255 petition alleging that his prior convictions no longer qualify as violent felonies).

**II.  Procedural Bars**

The Government asserts that Petitioner's claims are procedurally barred because he did not raise them in this District Court or on his direct appeal.

In his direct appeal, Petitioner alleged that the District Court erred in denying his motions to suppress. Petitioner also made *Booker/Blakely* claims regarding his sentence and alleged that the District Court erred in enhancing his sentence based on his status as an armed career criminal because such post-conviction enhancements were not charged in the indictment or the result of a jury's findings beyond a reasonable doubt. Thus, the bases for Petitioner's appellate claims regarding his sentence were factually and legally distinct from his present allegation that his prior convictions do not qualify as violent felonies.

It is well settled that a defendant who fails to raise trial court objections on appeal is procedurally barred from presenting them in a § 2255 petition, "absent a showing of cause and

4

prejudice or a fundamental miscarriage of justice." *Genge v. United States*, 279 Fed. Appx. 897, 898 (11th Cir. 2008)(*citing United States v. Frady*, 456 U.S. 152, 166-68 (1982). *See also United States v. Sullivan*, 2002 WL 77076, *3 (D. Me. Jan. 18, 2002)("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal" where a petitioner attempts to raise issues in a habeas petition that he could have raised on direct appeal).[1]

Petitioner's failure to make this argument in his appellate brief amounts to a procedural default and provides a basis for this Court to decline to consider the merits of his §2255 Petition. *See King v. United States*, 2010 WL 181458, *4-6 (S.D. Fla. Jan. 12, 2010)(where petitioner failed to claim on his direct appeal that he was improperly sentenced under ACCA because his prior conviction for carrying a concealed firearm was not a violent felony, court found the claim was procedurally defaulted in his § 2255). Notably, Petitioner does not address his procedural default at all in his initial memorandum of law. However, in his reply papers, Petitioner concedes that "it is true that counsel defaulted this challenge to the ACCA enhancement . . ." (DE 7 at page 2). Nevertheless, Petitioner asserts that this Court should consider his Petition because he is "actually innocent of the ACCA sentence here." (DE 7 at page 2).

---

[1] A showing of "cause" requires the petitioner to demonstrate that an external factor impeded his ability to appeal, while "actual prejudice" requires the petitioner to demonstrate that he was denied "fundamental fairness," or that, but for the error, he "might not have been convicted." *United States v. Kennedy*, 29 F. Supp. 2d 662, 677 (D. Colo. 1998)(*quoting Murray v. Carrier*, 477 U.S. 478, 488-94 (1986)). The "miscarriage of justice" exception to the cause and prejudice test is appropriate only "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent . . ." *Kennedy,* 29 F. Supp. 2d at 677 (*quoting Murray*, 477 U.S. at 496).

### III.  Impact of *Begay* on Petitioner's Sentence

As noted above, because of the nature of Petitioner's three prior felony convictions, the District Court found Petitioner to be an armed career criminal and sentenced him to a fifteen year prison term.

Under the ACCA, felons in possession of a firearm, who also have three or more previous convictions for committing certain drug crimes or violent felonies, are subject to a mandatory fifteen year prison term.  18 U.S.C. §924(e)(1).  The ACCA defines a "violent felony" as any crime punishable by a prison term exceeding one year that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B).

In *Begay*, the Supreme Court was confronted with a felon in possession of a firearm, who had three prior felony convictions for driving under the influence of alcohol ("DUI").  The sentencing judge concluded that the prior convictions constituted violent felonies under §924(e) and sentenced the defendant as an armed career criminal.  The defendant appealed, claiming that his DUI convictions were not violent felonies.

The Supreme Court noted that "[i]n determining whether this crime is a violent felony, we consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion."  *Begay,* at 1584.  The Court began by finding that because New Mexico's statute did not define DUI as involving the use, attempted use or threatened use of physical force, the crime fell outside the scope of clause (i) of the violent felony definition.  *Id.*  The Court further concluded that

DUI is "simply too unlike" any of the crimes Congress listed as examples of violent felonies in clause (ii), such as burglary, arson, extortion, and crimes involving the use of explosives. *Id.* According to the Court, for a crime to come within clause (ii) it must not only present a serious potential risk of physical injury, but must also be "similar" to the type of crimes listed. *Id.* at 1585. The Court concluded that it "should read the examples as limiting the crimes that clause (ii) covers to crimes that are roughly similar, in kind as well as in degree of risk posed, to the examples themselves." *Id.*

Applying that standard to the crime of DUI, the Court found that it "differs from the example crimes" which "all typically involve purposeful, 'violent,' and 'aggressive' conduct." *Id.* at 1586. The Court found those elements to be significant because the commission of prior intentional and violent crimes "makes [it] more likely that an offender, later possessing a gun, will use that gun deliberately to harm a victim." *Id.* In sum, the ACCA seeks to identify "a particular type of offender" who poses a "special danger" when in possession of a gun. *Id.* at 1587.

### A.  Petitioner's Conviction for Battery on a Law Enforcement Officer

Petitioner contends that in light of *Begay*, his prior conviction for battery on a law enforcement officer no longer qualifies as a violent felony for purposes of ACCA.

According to the Presentence Report, in 1999, Petitioner was taken into custody for possessing crack-cocaine. *See* PSR at page 10. After he was placed inside the patrol car, Petitioner began "behaving violently causing minor damage to the patrol car." *Id.* He was removed from the car and the arresting officer attempted to handcuff Petitioner, but he "began to swing his arm striking both officers" and "us[ing] the handcuff, which was on his left wrist, as a weapon." *Id.* Petitioner fled the scene, but was apprehended shortly thereafter. *Id.*

Following this incident, Petitioner was convicted of battery on a law enforcement officer, which is a third degree felony in Florida. The relevant Florida statutes provide that

> A person commits battery if he: (a) Actually and intentionally touches or strikes another person against the will of the other; or (b) Intentionally causes bodily harm to an individual.

Fla. Stat. §784.03(1).

> Whenever any person is charged with knowingly committing an assault or battery upon a law enforcement officer . . . while the officer . . . is engaged in the lawful performance of his or her duties, the offense for which the person is charged shall be reclassified as follows . . . In the case of battery, from a misdemeanor of the first degree to a felony of the third degree.

Fla. Stat. §784.07(2)(b).

Thus, "the elements of the offense of battery on a law enforcement officer are that: (1) the defendant intentionally touched or struck the victim or intentionally caused bodily harm to the victim; (2) the victim was a law enforcement officer; (3) the defendant knew that the victim was a law enforcement officer; and (4) the law enforcement officer was engaged in the lawful performance of his or her duties when the battery was committed." *State v. Granner,* 661 So.2d 89 (Fla. App. Dist. Ct. 1995)(*citing* Fla. Std. Jury Instr. 784.07(2)(b)(Crim.)), *Street v. State*, 383 So.2d 900 (Fla. 1980)).

Petitioner argues that because the battery statute does not require physical force beyond "mere touching," it should not qualify as a violent felony. (DE 1 at pages 7-9).

This Court rejects this argument because "a prior conviction involving only a minimal amount of force can still constitute a violent felony" under ACCA. *Roundtree v. United States*, 2009 WL 5214988, *5 (M.D. Fla. Dec. 29, 2009)(*citing United States v. Johnson*, 528 F.3d 1318, 1321-22

(11th Cir. 2008)(holding that the Florida crime of battery is a violent felony, which may be committed simply by "intentional touching"). Although the Supreme Court has granted certiorari in *Johnson*, __U.S. __, 129 S.Ct. 1315 (2009), "pending a decision, it remains the law of this Circuit." *Roundtree*, 2009 WL 5214988 at *5 (*citing United States v. Jackson,* 2009 WL 4282829 (11th Cir. Dec. 2, 2009)).[2]

Finally, Petitioner's reliance on the Florida Supreme Court's interpretation of battery on a law enforcement officer is misplaced. It is well settled that "whether the federal ACCA applies to a state-law-defined crime is a question for federal courts, and state court rulings on the issue are not binding." *Roundtree*, 2009 WL 5214988 at *4  (*citing Johnson*, 528 F.3d at 1321).

### B.  Petitioner's Conviction for Child Abuse

Similarly, Petitioner alleges that "simple child abuse" does not constitute a violent felony under the new standard set forth in *Begay.*

In 2001, Petitioner was convicted of felony child abuse in the third degree. *See* PSR at page 11.  Under Florida law, that crime is defined as:

> (a) Intentional infliction of physical or mental injury upon a child;
>
> (b) An intentional act that could reasonably be expected to result in physical or mental injury to a child; or
>
> (c) Active encouragement of any person to commit an act that results or could reasonably be expected to result in physical or mental injury to a child.

Fla. Stat. § 827.03(1).  Child abuse in the third degree is distinguished from aggravated child abuse

---

[2]  In his reply papers, Petitioner requests that in the event the Court finds that his battery conviction constitutes a violent felony, that the Court stay these proceedings pending the Supreme Court's decision in *Johnson.*  (DE 7 at page 11).

by the level of injury sustained by the child. According to the statute, "a person who knowingly or willfully abuses a child without causing great bodily harm, permanent disability, or permanent disfigurement to the child commits a felony of the third degree . . ." *Id.*

Given that, on its face, this statute contemplates the use, attempted use, or threatened use of physical force against the person of another, it clearly falls within clause (i) of §924(e)(2)(B). To the extent Petitioner asserts that the statute is beyond the scope of clause (i) because the required injury can be mental and need not be physical, this argument is unpersuasive. Rather, the elements of this crime set forth the same type of deliberate and aggressive behavior that contemplates the use or threatened use of force as described under *Begay* to sufficiently classify it as a violent felony under clause (i). *See United States v. Castillo-Villagomez,* 316 Fed. Appx. 874, 876 (11th Cir. Nov. 4, 2008)(Court found that prior conviction for cruelty to children was a violent felony; even though the statute contemplated infliction of "mental pain," which although a "non-physical offense . . . is nonetheless a felony which involves a substantial risk that physical force may be used against the victim").

In any event, in certain circumstances, the Court is permitted to consider the specific acts which resulted in the conviction to determine if it constitutes a violent felony. *See United States v. Spencer*, 271 Fed. Appx. 977, 978 (11th Cir. April 1, 2008)("[i]n determining whether an offense is a crime of violence, a district court can look to the conduct and circumstances underlying the conviction only if 'ambiguities in the judgment make the crime of violence determination impossible from the face of the judgment itself'")(*citing United States v. Spell*, 44 F.3d 936, 939 (11th Cir. 1995)). *See also United States v. Castillo-Villagomez,* 316 Fed. Appx. 874, 876 (11th Cir. Nov. 4, 2008)(notwithstanding *Begay*'s "categorical approach," Court noted that "in a narrow range of cases,

the state statute will include multiple offenses, only some of which would meet the federal violent crime definition" and in such cases, courts "may take a limited look behind the fact of conviction").

Here, assuming *arguendo* that the intentional infliction of mental pain would be insufficient to constitute a violent felony, the facts underlying Petitioner's conviction for child abuse resolve any ambiguity as to his use of physical force and infliction of physical pain. During sentencing, Petitioner's attorney told the District Court that "[t]he child abuse stems from basically losing it with his own child. When he was disciplining his child he gave him a rather severe spanking." (DE 52 at page 10). This statement indicates that physical force was involved in this incident and, therefore, the "violent felony" designation is appropriately applied to this prior conviction. *See United States v. Hennecke*, 590 F.3d 619 (8th Cir. 2010)(noting that "[m]any cases have construed this use-of-force requirement as satisfied even if a felony offense requires proof of only slight illegal touching of the victim")(collecting cases).

## IV. No Evidentiary Hearing is Required

Petitioner contends that he is entitled to an evidentiary hearing. (DE 2). Section 2255 provides that a hearing shall be granted "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

The burden rests with the Petitioner to establish the need for an evidentiary hearing. *Birt v. Montgomery,* 725 F.2d 587, 591 (11th Cir. 1984). "Bare allegations" in a petitioner's subsequent affidavit, which are "affirmatively contradicted" by the record, are insufficient to warrant an evidentiary hearing. Likewise, "[n]o evidentiary hearing is required if the prisoner fails to produce any independent indicia of the likely merit of his allegations." *United States v. Blue*, 2009 WL 2581284, *6 (D. Kan. Aug. 20, 2009)(no evidentiary hearing warranted where there was no evidence

to support the merits of petitioner's claim that he was improperly sentenced as a career offender).

Here, given the Court's finding that Petitioner has failed to establish that his prior crimes no longer qualify as violent felonies, this Court concludes that no hearing on Petitioner's claims is required. *See United States v. Murphy*, 2009 WL 2524684 (N.D. Fla. April 7, 2009)(no evidentiary hearing warranted where in response to petitioner's *Begay* claim, court concluded that he still had three prior violent felonies and, thus, was properly sentenced).

### REPORT AND RECOMMENDATION TO THE DISTRICT COURT

Accordingly, this Court **RECOMMENDS** that the District Court decline Petitioner's request to stay the proceedings, **DISMISS** each of the Petitioner's claims and **DENY** Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (DE 1).

### NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* Statutory Time-Periods Technical Amendments Act of 2009, H.R. 1626, sec. 6, amending 28 U.S.C. § 636(b)(1)(providing that "within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). *See also* Fed. R. Civ. P. 72(b) (2009) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to

another party's objections within 14 days after being served with a copy.")  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 10 day of February, 2010.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Daniel T. K. Hurley
Margaret Foldes, AFPD
Lothrop Morris, AUSA