UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-80578-Civ-HURLEY/HOPKINS
03-CR-80114-DTKH

RASHID HARRIS,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## SUPPLEMENTAL REPORT AND RECOMMENDATION CONCERNING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (DE 1)

**THIS CAUSE** has come before this Court upon an order recommitting this matter back to the undersigned United States Magistrate Judge for a Supplemental Report and Recommendation. (DE 28).

## BACKGROUND

On April 14, 2009, Petitioner filed a petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, claiming that his sentence had been illegally enhanced under the Armed Career Criminal Act ("ACCA").[1] Petitioner claimed that the Supreme Court's decision in *Begay*

---

[1] Petitioner's sentence stemmed from his guilty plea to being a felon in possession of a firearm. The pre-sentence report (PSR) indicated that Petitioner had previously been convicted of three violent felonies including battery on a law enforcement officer, child abuse and sale of crack cocaine. Thus, he was deemed an armed career criminal and sentenced to the fifteen year mandatory minimum term under the ACCA. *See* 18 U.S.C. 924 (e).

1

*v. United States*, 553 U.S. 137 (2008) "profoundly altered and substantially narrowed the scope of the 'violent felony' definition under the ACCA." (DE 1 at page 4). According to Petitioner, his enhanced sentence must be vacated because under *Begay*, his prior convictions for battery on a law enforcement officer and child abuse could no longer be classified as "violent felonies." (DE 1). The Government filed its answer to the petition on June 12, 2009. (DE 3). Petitioner filed his reply on June 29, 2009. (DE 7).

On February 10, 2010, this Court issued a Report and Recommendation that the petition should be denied because Petitioner's prior convictions still qualified as violent felony offenses and, thus, the enhanced sentence was appropriate. (DE 11).

Petitioner objected to this Court's findings and appealed to the District Court. In the meantime, the legal landscape continued to evolve when the Supreme Court, in *Johnson v. United States*, __ U.S. __, 130 S. Ct. 1265 (2010), reversed the Eleventh Circuit. In *Johnson*, the Supreme Court held that because a conviction for battery in Florida could be based on mere intentional touching, and since there was nothing in the record to indicate that Johnson's conviction rested on anything more, the Court must conclude that the offense lacked the level of physical force necessary to qualify as a "violent felony." *Id.* at 1269-71. Although the *Johnson* decision did not conclude that battery in Florida could never qualify as a violent felony under the ACCA (*see also United States v. Joseph,* 2010 WL 1253048 (11th Cir. April 1, 2010)(noting that although battery in Florida "will not invariably constitute a crime of violence," courts can "consider underlying conduct" via appropriate documents, to show that the conviction resulted from "force capable of causing physical pain or injury to another person"), the Government abandoned its argument as to Petitioner's battery conviction and advised that it "no longer

contend[ed] that the Florida offense of battery on a law enforcement officer qualifies as a violent felony under §924(e)(2)(B)(i)." (DE 21 at n.2). Instead, the Government shifted its focus to Petitioner's 1999 conviction for resisting arrest, which it claimed constituted a violent felony and could be used as a substitute predicate offense to sustain the ACCA sentencing enhancement.

In light of the intervening change in law, as well as the Government's position, the District Court recommitted this matter to the undersigned for purposes of conducting an evidentiary hearing and issuing a report and recommendation addressing the following two issues:

>1. whether Petitioner's criminal history includes a prior Florida conviction for "resisting arrest with violence" and, if so,

>2. whether the Florida offense of resisting arrest with violence qualifies as a "violent" felony predicate offense for purposes of an ACCA sentencing enhancement.

(DE 28).

On August 2, 2010, this Court conducted an evidentiary hearing where the Government introduced a certified copy of the underlying judgment of conviction into evidence. The judgment establishes that Petitioner was previously convicted of Florida's felony offense of resisting an officer with violence (Fla. Stat. § 843.01). (DE 37).[2] At the evidentiary hearing, Petitioner's attorney argued that the Government had waived its right to rely on the resisting arrest conviction because 1) the Government had failed to object to the error in the PSR at the initial sentencing and 2) the Government had not presented any evidence of that conviction

---

[2] Initially, it was unclear whether Petitioner had been convicted of resisting arrest with or without violence because the PSR indicated that Petitioner had been convicted of resisting an officer without violence, a misdemeanor offense.

previously. Petitioner's attorney stated that if the Court was inclined to rely on the newly-introduced judgment of conviction, then the entire re-sentencing proceeding should be re-opened so that she could contest Petitioner's other predicate felony convictions. This Court declined to rule on that issue as it is beyond the scope of the District Court's Order recommitting the matter. In any event, at the hearing, the Court considered counsel's arguments as to whether the Florida statute of resisting an officer with violence (Fla. Stat. §843.01) qualifies as a violent felony for purposes of ACCA.

## DISCUSSION

1. Petitioner's Criminal History Includes a Prior Florida Conviction for Resisting an Officer with Violence under Fla. Stat. 843.01

As noted above, at the evidentiary hearing, the Government produced a certified copy of the judgment showing Petitioner was convicted of resisting an officer with violence under §843.01. This evidence satisfies the Court that Petitioner's criminal history does indeed include a prior Florida conviction for resisting arrest with violence. *See United States v. Venta*, 255 Fed. Appx. 469, 473 (11th Cir. 2007)(at the initial sentencing, there were conflicting documents as to whether the defendant had been convicted of resisting arrest with or without violence, but the trial court properly relied exclusively upon the judgment of conviction, which stated that the defendant had been convicted of resisting arrest with violence; "[w]hen the face of the judgment is unambiguous, the district court should not inquire further to determine the nature of the conviction.").

2.  Resisting Arrest with Violence Qualifies as a Violent Felony Predicate Offense under ACCA

Under the ACCA, felons in possession of a firearm, who also have three or more previous convictions for committing certain drug crimes or violent felonies, are subject to a mandatory fifteen year prison term.  18 U.S.C. §924(e)(1).  The ACCA defines a "violent felony" as any crime punishable by a prison term exceeding one year that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).[3]

In Florida, a person convicted of resisting an officer with violence is guilty of "knowingly and willfully" resisting, obstructing, or opposing "any officer . . . in the lawful execution of any legal duty, by offering or doing violence to the person of such officer . . ." Fla. Stat. § 843.01 (2002).  The Florida legislature has categorized this crime as a third degree felony.  *Id.*

A.  The Categorical Approach

In *Begay*, the Supreme Court noted that in determining whether a crime is a violent felony, courts should "consider the offense generically, that is to say, [] examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Begay*, at 1584.  *See also James v. United States,* 550 U.S. 192, 202 (2007)(courts should focus on the "statutory definition of the prior offense, and [] not generally consider the particularized facts"); *United States v. Harrison,* 558 F.3d 1280, 1285

---

[3] Subsection (i) is often referred to as the "elements clause" and subsection (ii) is commonly referred to as the "residual clause."

(11th Cir. 2009)(courts should "pay attention to the way that the state statutory scheme identifies the relevant crime" and "the way in which it is ordinarily committed").

Using this categorical approach, this Court is convinced that the Florida crime of resisting arrest with violence (Fla. Stat. §843.01) satisfies both subsections of ACCA's "violent felony" definition. The statutory elements of the crime, its placement in the statutory scheme, and the manner in which the crime is ordinarily committed all support a finding that it is a violent offense.

### B.  Subsection (i) - The Elements Clause

At the outset, it is significant that the Eleventh Circuit has found the statutory elements of §843.01 render it a violent crime. In *United States v. Beltran,* 367 Fed. Appx. 984, 2010 WL 729241 (11th Cir. March 4, 2010), the Eleventh Circuit, using the categorical approach, concluded that resisting arrest with violence *was* a crime of violence for career offender purposes under U.S.S.G. §4B1.2(a) because the Florida statute "has the elements of using or threatening to use physical force against the person of another." *Beltran*, at *6 (*citing In re Standard Jury Instructions in Criminal Cases*, 996 So.2d 851, 852 (Fla. 2008)(wherein the Florida Supreme Court authorized lower courts to define "offering to do violence" as "threatening to do violence" in Florida's standard criminal jury instructions for §843.01)).[4]  *See also United States v. Williams,* 2010 WL 2484194, n.1 (11th Cir. June 22, 2010)(after vacating petitioner's sentence because the enhancement was based on battery which was no longer a qualifying predicate

---

[4]  Because the definition of "violent felony" under the ACCA is "virtually identical" to the definition for a "crime of violence" under U.S.S.G. § 4B1.2(a), decisions applying either definition to Florida's resisting arrest statute are instructive. *United States v. Alexander*, __ F.3d __, 2010 WL 2541221, *3 (11th Cir. June 25, 2010)(*quoting United States v. Taylor*, 489 F.3d 1112, 1113 (11th Cir. 2007)).

offense, Court noted that petitioner had also been convicted of resisting arrest with violence, implying that such conviction could qualify as a substitute predicate offense on re-sentencing); *Roundtree v. United States,* 2009 WL 5214988 (M.D. Fla. Dec. 29, 2009)(court found that §843.01, "*on its face*, unambiguously includes violence" and, therefore, "no further inquiry" was necessary before relying on the crime as a predicate offense for ACCA enhanced sentencing)(*emphasis in original*).

It is also significant that the Eleventh Circuit has distinguished the offense of resisting arrest with violence from other crimes that threaten violence. In *Pedro-Domingo v. United States Attorney General*, 367 Fed. Appx. 112, 2010 WL 653295, *2 (11th Cir. Feb. 25, 2010), the Court found that "[w]hile some threats to do violence do not create a substantial risk that force would actually be used, the Florida state courts have interpreted [§843.01] to require that the offender *has the capacity* to follow through on the threat to sustain a conviction." *Id.* (*emphasis added*). *See Kirkland v. State*, 647 So.2d 142, 143-144 (Fla. Dist. Ct. App. 1994)(where defendant was "hogtied" and "completely immobilized," he was incapable of following through with his violent threats and therefore could not be convicted of resisting arrest with violence). Because the "substantial risk inherent" to the crime of resisting arrest with violence "is that the offender will intentionally use force against an officer," the Eleventh Circuit has deemed the offense to be a crime of violence. *Pedro-Domingo,* at *3.

Moreover, the treatment of Fla. Stat. §843.01 in Florida's criminal statutory scheme suggests that the Florida legislature appreciated the increased dangerousness that exists when a defendant, who is resisting an arrest, does so in a violent manner. The fact that resisting an officer with violence under §843.01 is a third degree felony, whereas resisting an officer without

7

violence under §843.02 is only a misdemeanor, underscores the difference between the two crimes and indicates a legislative intent to target violent and aggressive conduct. *See Alexander,* 2010 WL 2541221 at *7 (comparing the legislature's treatment of knowingly discharging a firearm in a public place, which is a misdemeanor, with knowingly shooting from a vehicle within 1000 feet of any person, which is a second degree felony, and determining that the latter was "intend[ed] to target more egregious conduct").

Finally, the Court must consider the way in which the crime is ordinarily committed. Notably, the cases describing instances of resisting arrest with violence under §843.01 indicate that this crime is typically committed with purposeful, aggressive and violent conduct that shows a wanton disregard for the officer-victim's well-being. *See, e.g., State v. Carpenter,* 417 So.2d 986, 987 (1982)(defendant grabbed officer by the throat and tried to choke him); *Motes v. State*, __ So.3d __, 2010 WL 1460202 (Fla. Dist. Ct. App. 2010)(defendant kicked and struck officer during arrest); *Madison v. State*, 777 So.2d 1175, 1176 (Fla. Dist. Ct. App. 2001)(defendant intentionally struck officer).

Based on the foregoing, this Court finds that in applying the categorical approach to §843.01, it qualifies as a violent felony under subsection (i) of ACCA's "violent felony" definition, the elements clause.

C.  <u>Subsection (ii) - The Residual Clause</u>

However, even if §843.01 did not satisfy ACCA's subsection (i), the offense could alternatively be deemed a violent felony under subsection (ii)'s residual clause, because the crime "involves conduct that presents a serious potential risk of physical injury to another." §924(e)(2)(B)(ii).

In considering the residual clause, courts must conduct a three-step inquiry. First, the court should identify how the crime is ordinarily committed, which for §843.01, as set forth above, is typically in a violent and aggressive manner. Second, the court should consider whether the crime poses a "serious potential risk of physical injury" that is similar in degree to the risks posed by the enumerated crimes. Third, the court should consider whether the crime is similar in kind to the enumerated crimes. *United States v. Alexander*, __ F.3d __, 2010 WL 2541221, *3-5 (11th Cir. June 25, 2010).

In analyzing whether the crime poses a serious potential risk of physical injury similar in degree to the enumerated crimes and is also similar to them in kind, courts need not find an intent to cause harm, but should focus on "the degree of callousness toward risk" and "the indifference to the lives of others" involved in committing the offense. *Alexander* at *6, *8. Ultimately, courts need to assess whether the conduct "show[s] an increased likelihood that the offender is the kind of person who might deliberately point the gun and pull the trigger." *Id.* (*quoting Begay,* 128 S. Ct. at 1587).

In *United States v. Harrison*, 558 F.3d 1280 (11th Cir. 2009), the Court compared the crime of fleeing from police in a motor vehicle (a third degree felony) with the crime of fleeing from police in a motor vehicle at a high speed or with a wanton disregard for the safety of persons or property (a second degree felony). The Court noted that the former crime was "more appropriately characterized as the crime of a fleeing coward," unlike the latter, which suggested a "career criminal bent on inflicting physical injury." *Id.* at 1295-96. Similarly, here, resisting arrest without violence is akin to a "fleeing coward," whereas resisting arrest with violence "signals a different kind of criminal," one with a willingness to engage in deliberately

9

confrontational and combative behavior without any regard for the risk of injury to the officer. Thus, resisting an arrest with violence "necessarily poses a powerful risk to the arresting officer" and, in this Court's opinion, is the type of conduct that "closely resembles the characteristics of a burglar committing a crime, aware that violence might ensue . . ." *United States v. Harris*, 586 F.3d 1283, 1287-88 (11th Cir. 2009).

Accordingly, this Court finds that §843.01 also qualifies as a violent felony under ACCA's residual clause in subsection (ii).

## REPORT AND RECOMMENDATION TO THE DISTRICT COURT

Based on the foregoing, this Court **RECOMMENDS** that the District Court find that (1) Petitioner's Florida criminal history includes a conviction for resisting an officer with violence (Fla. Stat. §843.01) and (2) that the conviction qualifies as a violent felony under ACCA so as to support the enhanced sentence previously imposed by the Court.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* Statutory Time-Periods Technical Amendments Act of 2009, H.R. 1626, sec. 6, amending 28 U.S.C. § 636(b)(1)(providing that "within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). *See also* Fed. R. Civ. P. 72(b) (2009)

("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy.") Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 18 day of August, 2010.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Daniel T. K. Hurley
Margaret Foldes, AFPD
Lothrop Morris, AUSA