## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 09-80578 -CIV-HURLEY

**RASHID HARRIS,**
     **petitioner,**

**vs.**

**UNITED STATES OF AMERICA,**
     **respondent.**

_____/


### ORDER  SUSTAINING PETITIONER'S OBJECTIONS TO FEBRUARY 10, 2010 REPORT & RECOMMENDATION OF MAGISTRATE JUDGE & GRANTING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 18 U.S.C. §  2255

This cause is before the court upon  petitioner's motion, pursuant to 28 U.S.C. § 2255, to vacate his sentence as an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).  Two central questions must be answered to resolve the petitioner's motion: (1) whether a defendant, who failed to challenge at sentencing or on direct appeal the adequacy of the predicate convictions used to support an armed career criminal sentencing enhancement, may raise the issue on habeas corpus, and (2) whether the government, which failed to object to an error in defendant's presentence investigation report, may seek to correct the error in the context of this habeas proceeding.

### I. Facts & Procedural Background

Petitioner pled guilty to the crime of possession of a firearm by a convicted felon in violation of 18  U.S.C. § 922(g).  Upon acceptance of petitioner's plea, and pursuant  to Fed. R. Crim. P. 32(c)(1), the court ordered  the United States Probation Office to prepare a presentence investigation report.  The   presentence investigation report (PSR) identified three prior state convictions as

qualifying predicate offenses requiring a fifteen-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e).[1] The listed convictions were for battery on a law enforcement officer, § 784.07(2)(b), Fla. Stat., child abuse, § 827.03(1), Fla. Stat., and sale of 2.5 grams of crack cocaine, § 893.13(1)(a), Fla. Stat.

Pursuant to Fed. R. Crim. P. 32(e)(2), requiring that the United States Probation Office make the PSR available for disclosure to the attorneys for the partes at least thirty-five days prior to the scheduled sentencing proceeding, the Probation Office disclosed the PSR to both parties by mailing on April 15, 2004. Under Fed. R. Crim. P. 32(f)(1), both the parties were required to serve written objections, if any, to the PSR to each other and to the probation officer within fourteen days of receipt of the report. As memorialized in the final report submitted May 10, 2004, neither the government nor defendant reported any objections to the PSR prior to the scheduled sentencing on May 28, 2004.

At the sentencing hearing, petitioner's attorney objected to his armed career offender designation based on *Apprendi v New Jersey*, 530 U.S. 466 (2000). In other words, defense counsel argued that petitioner's prior convictions should have pled before and determined by the jury. Petitioner did not raise any objection to his ACCA classification based on the sufficiency of the recited predicate offenses.

---

[1] The ACCA imposes a special mandatory 15-year prison term upon a felon who unlawfully possesses a firearm and who has three or more prior convictions for committing certain drug crimes or a "violent felony." 18 U.S.C. §924(e). The ACCA defines "violent felony" as any crime punishable by more than one year's imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another," § 924(e)(2)(B)(i) [commonly referred to as the "elements" clause], or "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(ii) [commonly referred to as the "residual" clause].

In response to questioning by the court, both the government and the defense stated they had no objections to the factual accuracy of the PSR or the legal conclusions drawn from those facts. The court ultimately overruled the defendant's *Apprendi* objection and sentenced him to the fifteen year mandatory minimum term mandated by § 924(e) of the Armed Career Criminal Act, 18 U.S.C. § 924(e).

Petitioner appealed to the Eleventh Circuit Court of Appeals, again challenging his career offender designation based on *Apprendi*, *Blakely v Washington*, 542 U.S. 296 (2004) and *United States v Booker*, 543 U.S. 220 (2005). Petitioner, however, did not challenge his ACCA classification based on the adequacy of the predicate convictions as "violent felonies" or "serious drug offenses." The appellate court initially reversed petitioner's sentence based on *Booker, see United States v Harris*, 142 Fed. Appx. 413 (11th Cir. 2005)(unpub.), but later reinstated the sentence on rehearing, finding that his sentence did not implicate *Blakely* or *Booker* because it was set at the statutory mandatory minimum. *United States v Harris*, 151 Fed. Appx. 882, 2005 WL 2404977 (11th Cir. 2005)(unpub.), *cert. den.* 547 U.S. 1009 (2006).

On April 16, 2008, the United States Supreme Court issued its opinion in *Begay v United States,* 553 U.S. 137, 128 S. Ct. 1581, 170 L.Ed.2d 490 (2008). Starting with the premise that the ACCA requires application of a categorical approach by which the elements of the statute of conviction, not the facts supporting the conviction, are evaluated to determine whether a crime qualifies as a predicate offense under the ACCA, the *Begay* court held that the ACCA residual clause does not cover "every crime that presents a serious potential risk of physical injury to another," but only those "that are roughly similar, in kind as well as in degree of risk posed, to the examples" included in the residual clause's definition of "violent felony" -- namely, burglary,

arson, extortion and crimes involving the use of explosives -- all of which involve "purposeful, violent and aggressive conduct" and demonstrate an increased likelihood that the offender, in later possessing a gun, will use that gun deliberately to harm a victim. *Begay* at 142-45. [2]

Applying that standard in the case before it, the Supreme Court held that the New Mexico felony offense of driving under the influence of alcohol (DUI) is not a "violent felony" under the ACCA residual clause because, even assuming that DUI involves conduct that "presents a serious potential risk of physical injury to another," the crime is too unlike the residual clause's example crimes involving intentional, purposeful actions to qualify as a "violent felony."

Petitioner filed his motion to vacate his sentence under 28 U.S.C. § 2255 on April 14, 2009, asserting for the first time that he is not an armed career criminal under the ACCA because his convictions for child abuse conviction and battery on a police officer do not qualify as "violent felonies" as defined in *Begay.* Thus, he asserts that he is actually innocent of being an armed career

---

[2] In a later application of *Begay, Chambers v United States*, ___ US ___, 129 S. Ct. 687, 691-692, 172 L.Ed.2d 484 (2009), the Supreme Court held that the generic crime of failing to report to a penal institution did not involve conduct that presents a serious potential risk of physical injury to another for purposes of ACCA residual clause because " [c]onceptually speaking, the crime amounts to a form of inaction, a far cry from the purposeful, violent and aggressive conduct potentially at issue when an offender uses explosives against property, commits arson, burgles a dwelling or residence or engages in certain forms of extortion."

For a review of later Eleventh Circuit applications, *compare United States v Harrison*, 558 F.3d 1280 (11th Cir. 2009)(prior Florida conviction for willful fleeing was not "violent felony" under ACCA); *United States v McGill,* 618 F.3d 1273 (11th Cir. 2010)(prior Florida conviction for possessing short barreled shotgun not a violent felony under ACCA); *United States v Harris*, 608 F.3d 1222 (11th Cir. 2010)(prior Florida conviction for sexual battery of child under age of sixteen was not violent felony under ACCA, even though crime posed serious potential risk of physical injury and statute covered conduct that was intentional or purposeful because statute, viewed categorically, imposed strict liability and covered broad range of conduct) *with United States v Hayes*, 2010 WL 3489973 (11th Cir. 2010)(prior Florida conviction for resisting arrest with violence was violent felony under ACCA); *United States v Oner*, 382 Fed. Appx. 893 (11th Cir. 2010)(prior Florida conviction for aggravated fleeing or eluding police officer qualified as violent felony under ACCA).

criminal and, consequently, his 15-year sentence exceeds the 10-year maximum for the crime of conviction.

This court referred the petition to a magistrate judge who, after a hearing, filed a report and recommendation finding that petitioner's prior convictions for battery on a police officer and child abuse qualified as "violent felonies" under the ACCA pursuant to *United States v Johnson* 528 F.3d 1318 (11th Cir. 2008)(holding that Florida crime of battery is a violent felony which may be committed by "intentional touching") and *United States v Castillo- Villagomez*, 316 Fed. Appx. 874, 876 (11th Cir. 2008)(unpub.)(holding that cruelty to children is a violent felony, even though it may be inflicted with non-physical "mental pain," since it is a felony involving substantial risk that physical force may be used against victim). In addition, the magistrate judge suggested that petitioner's failure to raise his claim that he had been sentenced incorrectly as an armed criminal career offender on direct appeal constitutes a procedural default providing an independent basis for the court to decline to consider the merits of his claim.

On March 2, 2010 – after the magistrate judge issued his original report and recommendation but while the petitioner's § 2255 motion was still pending before this court – the United States Supreme Court issued its opinion in *Johnson v United States*, ___ U.S. ___, 130 S. Ct. 1265, 1270-71, 173 L.Ed. 2d 1 (2010), holding that the Florida felony offense of battery, which could be committed by any intentional physical contact, no matter how slight, could not be classified as a "violent felony" under the ACCA elements clause, 18 U.S.C. 924(e)(2)(B)(i),[3] because the elements of this crime do not necessarily include the use of physical force against the person of another.

---

[3] The *Johnson* court declined to consider whether the Florida battery conviction qualified as a violent felony within the meaning of the ACCA's residual clause because the government disclaimed any reliance on this clause at the time of sentencing. *Johnson*, 130 S. Ct. at 1274.

In light of the Supreme Court's holding, the government filed notice of its "withdrawal of procedural bar," expressing its intent to withdraw its earlier assertion of a procedural bar to petitioner's ACCA claim, and requesting that the petitioner's motion to vacate be granted solely as to his claim that the court erred in imposing a sentence under the ACCA on ground that battery on a law enforcement officer does not qualify as a violent crime under the ACCA [DE# 15]. A few days later, however, the government filed a motion to withdraw its concession, explaining that its initial response focused only on the Supreme Court's holding in *Johnson* under the ACCA elements clause, but failed to consider an alternative argument that the Supreme Court had declined to reach, i.e. that battery qualifies as a violent felony under the residual clause of 924(e)(2)(B)(ii) [DE# 16]. On this stated premise, the government sought permission to withdraw its earlier pleading and to substitute a new pleading advancing the government's "correct legal position," *viz.*, "that the Florida offense of battery on a law enforcement officer is a violent felony under the [ACCA's] residual clause."

Later, the government filed another document captioned "notice of supplemental authority" and "renewed request to withdraw pleading," [DE# 19] this time alerting the court, for the first time, that petitioner's criminal history included a conviction of "resisting arrest *with* violence," an offense which had been listed incorrectly in the original PSR as a conviction for "resisting arrest *without* violence.' Attached to this notice was unidentified "paperwork" purportedly received from United States Probation Office which confirmed this newly discovered offense history. [4]

---

[4] This document consists of an unidentified handwritten form bearing the caption of "St of Fl vs Rashid Harris," Florida state court case number, 99-1778 CFA 02 X, which references entry of a guilty plea to the Florida offenses of "resist (sic) arrest with violence," "battery on a police officer" and "possession of cocaine" along with the imposition of a seven month jail sentence [DE# 19-1].

The court allowed the substitution of pleadings.  In its subsequently filed "corrected response," the government  formally withdraw its earlier position that Florida battery on a police officer qualifies as a violent felony under 924(e)(2)(B)(i), the ACCA elements clause [DE #21, p. 4., n. 2], and, without taking any position on its recently expressed intent to demonstrate that this offense qualified as a "violent felony" under the residual clause, contended simply that "even if this court were to re-sentence [petitioner]," he would still have three prior felony convictions that qualify for an ACCA enhancement because  his criminal history includes a conviction for resisting arrest with violence – an independent predicate offense which would qualify as a "violent felony" under either  the elements or  residual  clause of the ACCA.  In addition,  the government  reasserted its claim that petitioner had  procedurally defaulted  upon any ACCA sentencing error claim by failing to raise the issue at the  time of sentencing or on direct appeal [DE# 21].

In  light  of this development,  the court recommitted  the matter to the magistrate judge, requesting a further clarification to determine:  (1) whether petitioner had in fact been convicted of resisting arrest *with* violence, and,  if so (2)  whether that offense qualifies as a "violent felony" predicate offense for purposes of an ACCA sentencing enhancement [DE# 28].  In the course of this proceeding, the government filed a supplemental response in support of its revised position on the petitioner's ACCA sentencing enhancement claim [DE# 31], supplanted with a copy of the corresponding police report,  indictment, and  judgment of conviction pertaining to the resisting arrest *with* violence charge [DE# 37-1].

The magistrate judge issued a supplemental report and recommendation, finding that the petitioner had been convicted of resisting arrest *with* violence, and further concluding that this conviction qualifies as a "violent felony" under the ACCA [DE# 39].

Petitioner filed objections to the magistrate judge's supplemental report and recommendation [DE# 41], contending, *inter alia*, that the government waived its right to correct the PSR at this late date by failing to object to the claimed error prior to sentencing. Alternatively, petitioner contends that the Florida offense of resisting arrest *with* violence, under Fla. Stat. § 843.01, is not a "violent felony" as defined by the ACCA [DE# 41]. The government filed its response to these objections [DE# 42] and the matter is now ripe for disposition by the court.

## II. Discussion

The resolution of petitioner's habeas petition hinges on two central questions: (1) whether petitioner, having failed to challenge the adequacy of the ACCA predicate convictions at sentencing or on direct appeal, has procedurally defaulted on the claim and is now foreclosed from challenging his ACCA classification in this proceeding,[5] and (2) whether the government, having failed to object to the factual accuracy of petitioners criminal history recited in the PSR at the time of sentencing, may now correct that error by supplying new evidence of a third predicate offense to sustain the ACCA sentencing enhancement.

As to the first question, this court concludes that petitioner may assert an "actual innocence" exception to hurdle the procedural default bar, and that he is entitled to relief under Section 2255 to correct the fundamental miscarriage of justice which would otherwise result if he were to continue serving a sentence as an armed career criminal offender when, in fact, he lacks one or more of the required predicate convictions. As to the second question, the court concludes that the government waived its objection to the factual accuracy of the PSR by failing to lodge it at the time

---

[5] In its original response to the petitioner's § 2255 motion, the government agreed that the *Begay* rule is a substantive sentencing rule that is retroactively applicable on collateral review in ACCA cases. See Government Answer to §2255 Motion, p.8 n. 2 [DE# 3]. It has not retreated from this position in this proceeding, and the court in any event agrees that *Begay* applies retroactively to this petitioner's claim in this case

of sentencing.

## A. Procedural Default Bar

The government contends that petitioner waived his claim of an ACCA sentencing error by failing to raise it at the time of sentencing or on direct appeal. Petitioner concedes that he procedurally defaulted on this claim, but argues that the "actual innocence" exception to the procedural default rule should be applied because he is "actually innocent" of having three predicate convictions required to sustain an ACCA sentence enhancement. [6]

The government eschews application of the "actual innocence" doctrine in this context, contending that a defendant can only be "actually innocent" of a substantive offense, not a sentencing enhancement. While it recognizes that the "actual innocence" doctrine has been extended to capital sentencing cases on theory that one can be actually innocent of the aggravated circumstances necessary to sustain eligibility for the death penalty under state law, *see United States v Sawyer*, 505 U.S. 333, 340-341 (1992), the government nevertheless contends the rule is not appropriately extended to cases involving non-capital offense sentencing errors. The court disagrees.

As in the capital habeas context where an exception is made for otherwise procedurally barred claims where the petitioner asserts that he is "actually innocent" of the aggravating factors that permit imposition of a capital sentence, *Sawyer v Whitley*, 505 U.S. 333, 112 S. Ct. 2514, 120 L.Ed.2d 269 (1992), the petitioner in this case asserts he is "actually innocent" of the aggravating factors – the three prior "violent felonies" – that permit enhancement of his sentence under the ACCA.

---

[6] While federal courts are generally precluded from reaching the merits of procedurally defaulted claim absent a showing of "cause and prejudice," *United States v Frady*, 456 US 152, 168 (1981), the merits of a procedurally defaulted claim may be reached if the failure to address it would result in a "fundamental miscarriage of justice," a standard which may be met by a showing of "actual innocence." *Murray v Carrier*, 477 U.S. 478, 495-96 (1986).

Several circuits have embraced this analogy and extended the "actual innocence" exception to noncapital sentences, finding "little difference between holding that defendant can be innocent of the acts required to enhance a sentence in a death case and applying a parallel rationale in non-capital cases." *United States v Maybeck,* 23 F.3d 888 (4th Cir. 1994)*(*application of "actual innocence" exception to aggravating factors of capital sentencing case is functionally equivalent to application of exception to aggravating factors enhancing a noncapital sentence); *United States v Mikalajunas*, 186 F.3d 490 (4th Cir. 1999)(limiting application of "actual innocence" exception to habitual or career offender classifications); *Spence v Superintendent, Great Meadow Correctional Facility*, 219 F.3d 162 (2d Cir. 2000)(where habeas petitioner is actually innocent of conduct on which his sentence is based, incarceration is fundamentally unjust and miscarriage of justice exception to procedural default rule applies); *Haley v Cockrell*, 306 F.3d 257, 265 (5th Cir. 2002)(assertions of actual innocence permit review of otherwise procedurally barred sentencing claims in career offender context because "fundamental purpose" of habeas corpus is to see that "constitutional errors do not result in the incarceration of innocent persons"), *vacated sub. nom. on other grounds, Dretke v Haley*, 541 U.S. 386, 124 S. Ct. 1847, 158 L.Ed.2d 659 .[7]

Although it has yet to squarely address the precise issue posed here, the Eleventh Circuit recently cited with approval to this line of authority in finding that a successive habeas petitioner

---

[7] Other circuits have taken a narrower view of the "actual innocence" exception to the procedural bar against successive habeas petitions, refusing to extend the doctrine to noncapital sentencing cases. *Embrey v Hershberger,* 131 F.3d 739 (8th Cir. 1997)(in noncapital case, concept of "actual innocence" for purposes of recognizing successive petition for post-conviction relief means that person did not commit the crime; new evidence of "actual innocence" must be based on factual claim, not legal claim), *cert. den*., 525 U.S. 838 (1998); *Reid v State of Oklahoma*, 101 F.3d 628 (10th Cir. 1996)(miscarriage of justice exception to bar against successive petitions requires claim of actual innocence regarding substantive offense under review), *cert. den*., 520 U.S. 1217 (1997). *See also Hope v United States*, 108 F.3d 119 (7th Cir. 1997)(successive § 2255 motion may not be filed on basis of newly discovered evidence unless it challenges the basis for the conviction and not merely the sentence).

10

was "actually innocent" of a career offender enhancement under the Sentencing Guidelines and was therefore entitled to §2241 relief, *Gilbert v United States*, 609 F.3d 1159 (11th Cir. June 21, 2010)("The principle of finality "must yield to the imperative of correcting a fundamentally unjust incarceration"), *opinion vacated on rehearing en banc,* ___ F.3d ____, 2010 WL 4340970 (11th Cir. 2010). Although *Gilbert* has been vacated pending *en banc* review, and is thus of no precedential value, this court finds its rationale persuasive.

Following the rule of the Fifth, Fourth and Second Circuits, and recognizing that the "actual innocence" doctrine is grounded in the equitable discretion of federal habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons, *Herrera v Collins*, 506 U.S. 390, 404, 113 S. Ct. 853, 122 L.Ed.2d 203 (1993), this court concludes that the "actual innocence" exception should apply here to avoid the fundamental miscarriage of justice which would otherwise result if petitioner were forced to serve an enhanced sentence which was not predicated on three valid convictions for "violent felonies" or "serious drug offenses" within the meaning of the ACCA.

## B.  Government Waiver

Under prevailing law in this circuit, litigants are required to make all of their objections to a sentencing court's findings of fact, conclusions of law, and the manner in which sentence was imposed at the initial sentencing hearing. *Canty v United States*, 570 F.3d 1251 (11th Cir. 2009). The court is mindful that "[this] rule applies to the defense and the prosecution alike." *Id.*

The government contends that regardless of whether the Florida offense of battery on a law enforcement officer is eliminated as a predicate offense, petitioner still qualifies for an ACCA enhancement because his criminal history in any event includes a separate conviction for "resisting

arrest *with* violence, "[8] a conviction which was not accurately represented on the PSR at the time of original sentencing. Although the government did not object to this error at sentencing, it nevertheless contends that it should now be allowed to supplement the evidentiary record to establish the fact of this prior conviction.

The petitioner contends that the government waived this argument by failing to object to the accuracy of the PSR at time of sentencing. In response, the government contends that it had no reason to inquire further into the petitioner's criminal conviction history at the time of original sentencing because the petitioner did not challenge the sufficiency of the ACCA predicates at that time, and the sentencing court was operating under prior circuit law establishing that battery on a law enforcement officer qualified as a predicate offense. In addition, the government points out that it never affirmatively disclaimed reliance on matters outside the PSR and therefore should not be estopped from broadening the factual predicate for its requested enhancement now. Further, according to the government, the intervening change in the law marked by the Supreme Court's opinion in *Johnson* justifies a re-opening of the record to allow it to present additional evidence showing that Mr. Harris still has three qualifying predicate convictions under the ACCA.

As authority for this request, the government analogizes to the district court's discretionary authority to allow a party to reopen its case and present additional evidence after it has rested at trial. For reasons which follow, the court rejects this misconceived analogy and declines to afford the government a second opportunity to prove that petitioner's criminal history supports the requested ACCA sentencing enhancement.

Here, when given the opportunity to object to the facts, legal conclusions and calculations

---

[8] Section 843.01, Fla. Stat. (2007) defines the Florida offense of resisting arrest with violence as knowingly and willfully resisting, obstructing or opposing any law enforcement officer engaged in lawful execution of his legal duties "by offering or doing violence to the person of such officer."

set forth in the PSR either before or at the time of sentencing, the government affirmatively represented that it had no objections to the report.  By failing to object to the conviction history recited in the PSR, the government is deemed to have admitted it.  *Cf*. *United States v Davies*, 2010 WL 3157150 (11th Cir. 2010), citing *United States v Bennett*, 472 F.3d 825 (11th Cir. 2006)(district court's findings supporting an ACCA enhancement may be based on factual statements  in the PSI not disputed  by the defendant).

The government's attempt to analogize the court's ability to consider new evidence at this stage of  the post-judgment collateral review process  to the court's discretion to re-open  evidence after a party has rested at trial is  misguided.  While the court may have the discretion  to reconsider its own interim, non-final orders and re-open evidence *before* sentence and final judgment  is imposed, *see e.g. United States v Reid*, 357 F.3d 574 (6th Cir. 2004), in this case, the court has already entered  final judgment, and the government is long outside the narrow seven day window of time for correction of "clear" non-discretionary sentencing errors. *Cf. United States v Clark*, 538 F.3d  803 (7th Cir. 2008)(district court could correct defendant's sentence one day after it was imposed under rule 35(a) to apply mandatory minimum sentence due to quantity of cocaine possessed, even though government had erroneously stated at sentencing that defendant was not subject to mandatory minimum sentence), *cert. den*., 129 S. Ct. 1613, 173  L.Ed.2d  994 (2009).

Moreover, even if this court had the authority and discretion to re-open the evidence in the context of this § 2255 proceeding, *cf. Martinez v United States*, 606 F3d 1303 (11th Cir. 2010) (appellate court has discretion to issue mandate permitting government to present new evidence at re-sentencing hearing following vacatur of sentence due to sentencing court's erroneous imposition of leadership role enhancement), it finds no compelling reason to do so here,  where the government was  given ample opportunity prior to sentencing  to review the PSR for accuracy; the PSR report

states on its face that the government reported no objections to the report pursuant to Administrative Order 95-02; the court specifically inquired of both parties at the outset of sentencing as to whether there were any objections to the facts, legal conclusions or calculations set forth in the PSR, and the government affirmatively represented that it had no objections.

Both parties are charged with the obligation to review the PSR for accuracy and to raise any objection they have to the facts contained in the PSR before and at the time of sentencing. By failing to object to the petitioner's resisting arrest *without* violence conviction listed in the PSR, the government is deemed to have admitted it, *United States v Bennett,* 472 F.3d 825 (11th Cir. 2006)(defendant's failure to object to facts of his prior convictions as contained in the PSI constitutes admission of those facts), and it is not now entitled to present new evidence and seek additional findings of act and conclusions of law to support the requested ACCA enhancement. *United States v Canty*, *supra.* [9]

The record is clear that petitioner's PSR listed a prior conviction for resisting arrest *without* violence. Equally clear is the fact that the government did not object to what it now claims was an erroneous listing. No showing of good cause or excusable neglect has been offered to justify the government's request to reopen the sentencing proceeding.

Because the court declines to permit the reopening of the record as requested by the government, it is unnecessary to reach the issue of whether the substantive Florida offense of "resisting arrest with violence" qualifies as a "violent felony" under either the elements clause or

---

[9] Although the court initially remanded this matter to the Magistrate Judge with directions to conduct an evidentiary hearing to determine the facts of the newly asserted conviction, following reflection on the waiver bar raised by the petitioner in his instant objections to the Magistrate Judge's supplemental report and recommendation, and in light of the rule of *Bennett* and *Canty*, discussed *infra*, the court has reconsidered this position and concludes that it is without jurisdiction to re-open the evidence on sentencing at this juncture.

14

residual clause of the ACCA for purposes of supporting the requested sentencing enhancement. Consequently, with elimination of the battery on a police officer offense, see *Johnson*, *supra*, and elimination of the newly proffered resisting arrest *with* violence offense, see *Canty and Bennett*, *supra*, the petitioner's remaining two convictions for sale of crack cocaine and child abuse are insufficient to support application of a sentencing enhancement under 18 U. S. C. § 924(e).[10]

The petitioner is accordingly entitled to be re-sentenced without the armed career criminal enhancement, and with the benefit of any other reduction to which he may be entitled.

### III.  Decretal Provisions

It is accordingly **ORDERED and ADJUDGED:**

1.  The petitioner's objections to the magistrate judge's Report and Recommendation [DE# 12] are **SUSTAINED,** and the recommendations of the magistrate judge as set forth in his original Report and Recommendation issued February 20, 2010 [DE# 11] are **REJECTED.**

2.  The petitioner's § 2255 motion to vacate, set aside, or correct sentence [DE# 1] is **GRANTED.**

3.  The petitioner's criminal sentence in Case No. 03-80114-CR-HURLEY is **VACATED.**

4.  In light of this ruling, the Supplemental Report and Recommendation of the magistrate judge [DE# 39] is terminated as **MOOT**, and the petitioner's objections to that report [DE# 41] are denied as **MOOT**.

5.  The Court directs the United States Probation Office to prepare a new PSR which eliminates the armed career criminal designation.

---

[10]  Although also petitioner challenges the correctness of including the prior child abuse conviction as a predicate offense for the ACCA sentencing enhancement, it is unnecessary to reach this alternative claim in light of the court's ruling on the resisting arrest offense.

15

6.  The Court will schedule the case for re-sentencing after the revised PSR is submitted.

7.  The petitioner is entitled to continued representation by the Federal Public Defender Office at re-sentencing.

**DONE** and **ORDERED** in Chambers at West Palm Beach, Florida this 17th day of December, 2010.

Daniel T. K. Hurley
United States District Judge

cc. Magistrate Judge James Hopkins
all counsel